**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| WILLIE JAMES WILDER,<br><br>        Petitioner,<br><br>vs.<br><br>JAMES MCKINNEY,<br><br>        Respondent. | No. C15-3107-LTS<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

## *I.     INTRODUCTION*

On April 6, 2015, Willie James Wilder (petitioner), an inmate at the Fort Dodge Correctional Facility (FDCF), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On July 9, 2015, respondent James McKinney (respondent), the warden at FDCF, filed a motion to dismiss the petition for failure to state a claim and lack of jurisdiction. Doc. 9. Respondent contends that both grounds asserted in the petition are unexhausted at the state level and procedurally defaulted. On October 5, 2015, through appointed counsel, petitioner filed a resistance. Doc. 22.

United States District Court Judge Leonard T. Strand referred this matter to a United States Magistrate Judge for preparation of a Report and Recommendation (R & R) disposition. Although petitioner has requested oral argument, I find that the issues have been sufficiently briefed so that a hearing on this matter is unnecessary. I find this matter is fully submitted. For the reasons set forth below, I recommend the Court grant respondent's motion to dismiss. I further recommend the Court deny a certificate of appealability on petitioner's sufficiency of the evidence claim, but grant a certificate of appealability on petitioner's ineffective assistance of counsel claim.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted for robbery in the first degree and theft in the third degree in the Iowa District Court for Black Hawk County. The underlying facts of the case are summarized by the state's appellate court, as excerpted below:

> On the evening of October 22, 2009, a person who was monitoring security cameras at a department store in a mall noticed a man take two hats and put them under his coat. The store's security guard, off-duty deputy sheriff Timothy Petersen, was notified the man was leaving the store at the south entrance with the hats. Petersen went out a different door and came around to the south entrance, where he saw the man, whom he recognized as "Willie," getting into a red Chevy Blazer. Petersen yelled at the man to stop, but he continued getting into the vehicle.
>
> Petersen had started to pull out his gun, when the vehicle quickly accelerated. He testified the vehicle, "pretty much curved right toward where I was at." He stated the vehicle could have traveled forward and avoided him entirely. Petersen jumped back to avoid being hit by the vehicle. He stated, "As I was jumping back to avoid from [sic] being hit, I still had my gun up here and when I jumped back, the windshield of the vehicle struck the barrel of the handgun."
>
> Petersen went back inside the department store and reviewed the videotape, concluding the man was Willie Wilder, whom he had met previously. In a search of Wilder's home officers found boots that matched the appearance of the boots worn by the man in the videotape. Additionally, the man in the videotape was wearing a black jacket with the word, "Yankees," in white lettering across the front. Wilder's wife told officers Wilder had a jacket like that, but she had not seen it for some period of time. The man in the videotape had short hair and some facial hair. When Wilder was arrested on October 26, 2009, his head had been shaved, and he had no facial hair.
>
> In an amended trial information Wilder was charged with robbery in the first degree, assault on a peace officer with the intent to commit serious injury and being an [sic] habitual offender, and theft in the third degree. Wilder filed notice of an alibi defense.
>
> At the jury trial, the State presented evidence as outlined above. In furtherance of Wilder's alibi defense, defense counsel presented the testimony of Wilder's brother-in-law, who stated Wilder came over on the

2

evening of October 22, 2009, to watch football. The defense also presented the testimony of Wilder's mother, who testified Wilder came over that evening to pick up some letters she wanted him to mail. Additionally, there was testimony from witnesses about whether Wilder had been bald or had a shaved head prior to October 22, 2009. The defense argued the person in the videotape was not Wilder because the person in the videotape had short hair and some facial hair, while Wilder had a bald or shaved head at that time.

The jury returned a verdict finding Wilder guilty of robbery in the first degree and theft in the third degree. These two convictions were merged, and Wilder was sentenced to twenty-five years in prison.

*Wilder v. State*, No. 13-1586, 2014 WL 5862031, at *1–2 (Iowa Ct. App. Nov. 14, 2014).[1]

On direct appeal, the petitioner raised an insufficient evidence claim. Petitioner alleged that no sufficient evidence existed to convict him of first degree robbery and third degree theft. *See* Doc. 9-2, at 15. Petitioner only cited to the Iowa Code. *See* Doc. 9-2, at 6–23. The state appellate court rejected this claim and upheld petitioner's conviction on January 19, 2012. *State v. Wilder*, No. 11-0067, 2012 WL 170690, at *1–2 (Iowa. App. Jan. 19, 2012).[2] On February 7, 2012, petitioner filed an "Application for Further Review" to the Iowa Supreme Court appealing the Court of Appeals of Iowa's decision from January 19, 2012, pursuant to Iowa R. App. P. 6.1103(1)(b)(1) (error at law). Doc. 9-2, at 36. According to petitioner's Section 2254 petition, his appeal to the Iowa

---

[1] Petitioner and respondent recite the same excerpt, from the Court of Appeals of Iowa's decision without a published opinion, in their briefs. *See* Doc. 22-1, at 1–4; Doc. 9-1, at 5–7.

[2] Again, the Westlaw database describes this Court of Appeals of Iowa's decision as being referenced in a "Decisions Without Published Opinions" table.

Supreme Court resulted in the Iowa Supreme Court holding his "conviction affirmed." Doc. 1, at 2.[3]

On collateral appeal, petitioner sought post-conviction relief from his first degree robbery conviction in the Iowa District Court for Black Hawk County. At this state trial court, petitioner raised a claim of ineffective assistance of his criminal trial counsel. Specifically, petitioner claimed that his trial counsel had been unreasonable in pursuing the trial strategy of presenting an alibi defense, instead of attacking the assault charge (an element of the robbery charge) on peace officer Petersen. Doc 9-1, at 7. The state trial court denied his post-conviction relief request. *Id*. The court concluded that petitioner "failed to show defense counsel had not performed an essential duty or that there was a reasonable probability the jury would have reached a different conclusion if counsel had acted differently." *Id*. On further review, the Court of Appeals of Iowa affirmed the lower court's denial of petitioner's request for post-conviction relief. *See generally Wilder*, 2014 WL 5862031. Due to an unfortunate circumstance, the petitioner failed to timely apply for review of the Court of Appeals of Iowa's decision from November 14, 2014, to the Iowa Supreme Court.

Under Iowa law, a petitioner must file his or her application for further review "within 20 days following the filing of the court of appeals decision." IOWA CODE § 6.1103 (2016); *see* Doc. 9-1, at 21–22. Petitioner's post-conviction relief counsel missed the 20-day deadline to file. The post-conviction relief counsel even admits fault. *See* letter dated January 18, 2015, from petitioner's post-conviction counsel, Mr. Ron Langford, to petitioner, stating:

> [T]he error was clearly mine. As a result, the timeline to file for further review to the Iowa Supreme Court has long since passed, and you are foreclosed from now seeking its review of the Appellate Court. This was

---

[3] I was unable to otherwise confirm from the parties' pleadings that the Iowa Supreme Court held "conviction affirmed" as petitioner asserts in his Section 2254 petition. *See* Doc. 1, at 2.

totally my fault, and for that I apologize, and you may seek whatever
recourse from that at your disposal. And I do not state that cavalierly.

Doc. 22-1, at 6–7.

On further collateral appeal, petitioner filed a writ of habeas corpus, pursuant to Section 2254, in this federal court. Petitioner asserts two grounds for post-conviction relief under Section 2254, namely the claims of: (1) "Ineffective Assistance of Counsel," and (2) "Insufficient Evidence."[4]

### III.  MOTION TO DISMISS

Respondent moves to dismiss the petition for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissing a Section 2254 habeas petition on procedural grounds, namely the failure to fully exhaust state remedies, is proper. *See* 28 U.S.C. § 2254(b)(1). The Federal Rules of Civil Procedure apply to habeas cases as long as they are consistent with the Section 2254 rules. *See* FED. R. CIV. P. 81(a)(4)(A)–(B) (stating that the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions.").

The United States Supreme Court in *Twombly* offers guidance for pleading 12(b)(6) motions. The Supreme Court explained that:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[4] There is some confusion in the pleadings as to which claim is ground one and which claim is ground two. Respondent lists ground one as the insufficiency claim and ground two as the ineffective assistance claim (Doc. 9-1), while petitioner lists issue one as the ineffective assistance claim and issue two as the insufficiency claim (Doc. 22-1).

5

> detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004). ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see*, e.g., *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Furthermore, for a complaint to survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570) (internal quotation and citation omitted). Plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Stated another way, plausibility requires that a plaintiff's allegations must contain facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). In assessing plausibility, the court examines the plausibility of a claim based on the plaintiff's allegations as a whole, and not by each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (explaining that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible," *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). The court still

must "accept as true the plaintiff's well pleaded allegations." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (citing *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989)). "Furthermore, a court should construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Nevertheless, it remains appropriate for a court to grant a 12(b)(6) motion when "the allegations show on the face of the complaint there is some insuperable bar to relief." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

Under the Federal Rules of Civil Procedure, if a court is presented with and fails to exclude "matters outside the pleadings" on a 12(b)(6) motion to dismiss for failure to state a claim, then the court must treat the motion as a Rule 56 motion for summary judgment. FED. R. CIV. P. 12(d). The Eighth Circuit Court of Appeals stated that when either party submits matters outside the pleadings in support of or against a motion to dismiss under FED. R. CIV. P. 12(b)(6), such action does not "automatically convert[]"the motion into a motion for summary judgment. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (citing *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002)). Generally, *matters outside the pleadings* refer to "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gorog*, 760 F.3d at 791 (internal citation omitted). Further, the Eighth Circuit Court of Appeals also stated that when considering a 12(b)(6) motion to dismiss, a court may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Such consideration does not transform the motion into one for summary

judgment. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. Supp. 2016).[5]

## IV. SECTION 2254 WRIT OF HABEAS CORPUS

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) modified and narrowed federal habeas review.[6] Under AEDPA, a court will not grant a habeas petition "unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State [the exhaustion doctrine]; or (2) there is an absence of available State corrective process; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)–(B). "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting this presumption by clear and convincing evidence. *Id*.

---

[5] The Honorable Mark W. Bennett provides further clarification on what courts may consider on a 12(b)(6) motion in *Grim v. Centrum Valley Farms, L.L.P.*, No. C15-3167-MWB, 2016 WL 1090575, at *3 n.2 (N.D. Iowa Mar. 18, 2016) (internal quotations and citations omitted) ("A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."). I relied on the state cases of *Wilder*, 2012 WL 170690, at *1–4, and *Wilder*, 2014 WL 5862031, at *1–4, for procedural history and factual details. These state cases, although unpublished, are matters of public record. Thus, I did not consider any materials here, which would transform this motion into one for summary judgment under Rule 56.

[6] *See* John H. Blume, *AEDPA: The "Hype" and the "Bite"*, 91 CORNELL L. REV. 259, 259–61 (2006) (arguing that although the AEDPA was enacted to reform and narrow federal habeas corpus review, it actually has had a limited impact for several reasons).

The United States Supreme Court explains the exhaustion doctrine, mentioned above, as follows: "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Id.* at 845. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). A state may waive a petitioner's failure to comply with the exhaustion requirement, but the state must expressly waive such requirement. 28 U.S.C. § 2254(b)(3).

In order for a federal court to review a state prisoner's habeas claims, such claims must have first been fairly presented at the state level. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). Fair presentment means that "a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Id.* (citing *Barrett v. Acevedo,* 169 F.3d 1155, 1161–62 (8th Cir. 1999) (internal quotation and citation omitted)).

A prisoner must seek review through "one complete round of the state's established appellate review process." *Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 845) (holding that in Iowa, such a complete round includes that "an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals

must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.").

The procedural bar—that federal courts may not review a state prisoner's habeas corpus petition when such prisoner has failed to exhaust the state's remedies—has a limited exception set out by the United States Supreme Court in *Coleman v. Thompson*. In *Coleman*, the Supreme Court held that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (*holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (the implications of *Martinez* are discussed at length later in this R & R)). So unless a petitioner can show cause for his procedural default and the existence of actual prejudice, or that a fundamental miscarriage of justice will occur, the procedural bar on petitioner's habeas claims will block review by the federal courts.

## V. DISCUSSION

### A. Ground One—Ineffective Assistance of Trial Counsel

In brief summary, petitioner asserts that his trial counsel gave him ineffective assistance by presenting alibi evidence rather than focusing on his assault charge, which is an element of the robbery charge. Doc. 22-1, at 3–4. I find that petitioner's claim of ineffective trial counsel is unexhausted and procedurally barred, and even if petitioner's claim was not procedurally barred, it would not succeed.

In the matter of ineffective assistance of counsel claims, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S.

668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Thus, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Also, Section 2254 specifically states, that "[t]he ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

First, petitioner did not file for further review to the Iowa Supreme Court within the deadline given by the State of Iowa, which was 20 days from the filing of the Court of Appeals of Iowa decision. IOWA CODE § 6.1103 (2016). This 20-day period expired in December 2014. Thus, petitioner is now procedurally barred from getting the Iowa Supreme Court (the last stage in Iowa's appellate review process under Iowa law) to review his post-conviction relief claims. Although harsh, this result does not change given that petitioner's former post-conviction relief counsel, Mr. Langford, was negligent by missing the deadline to appeal for review to the Iowa Supreme Court. Mr. Langford's failure to abide by the deadline for filing is a true misfortune for petitioner here, yet, I again note that petitioner has no constitutional right to effective counsel during his post-conviction relief proceedings. *See Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Thus, a post-conviction counsel's negligence or error does not establish "cause" under *Coleman* to excuse procedural default. *Id.* at 752-55. Furthermore, even the statute

governing habeas reviews explicitly states that ineffective or incompetent counsel during a state collateral post-conviction proceeding "shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The statute does not excuse petitioner's failure to exhaust all of the remedies of Iowa, even though such failure was solely attributable to Mr. Langford's failure to timely file.

Second, I reject petitioner's argument that the *Coleman* exception (as expanded by *Trevino*) is applicable, and, thus, excuses the procedural default here. The *Coleman* exception—permitting federal review of a procedurally barred state prisoner's petition where petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"—was expanded by two subsequent United States Supreme Court cases, namely *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). In *Martinez*, the Supreme Court excused the defendant's procedural failing to raise his ineffective assistance of trial counsel claim during his first state collateral review proceeding (as Arizona law required) when the defendant lacked effective counsel during his first state collateral review proceeding. *Martinez*, 132 S. Ct. at 1320. Specifically, the Supreme Court held "[w]here under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. Then a year later, the Supreme Court in *Trevino* held that the *Martinez* exception applies in Texas' procedural regime where the structure and design of Texas' system makes it "virtually impossible" for an ineffective assistance claim to be presented on direct review (although, technically, Texas state law permits a defendant to initially

raise a claim of ineffective assistance of trial counsel on direct appeal.) *Trevino*, 133 S. Ct. at 1916–21.

Petitioner argues that Iowa's system is similar to Texas' system. Petitioner asserts that: "Texas system is actually a lot like Iowa's and a lot of other states . . . . While it is possible to raise ineffectiveness claims on direct appeal, the vast majority of such claims are channeled into state post-conviction. The Iowa Supreme Court states that 'ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal.'" Doc. 22-1, at 5-6 (citing *State v. Taylor*, 310 N.W.2d 174, 179 (Iowa 1981)).[7]

I find petitioner's argument, above, unpersuasive for two reasons. First, there are factual dissimilarities between the two United States Supreme Court cases and the petitioner's matter here. Second, Iowa's system is unlike Texas' system. First, the cases of *Martinez* and *Trevino*, both, describe situations where counsel at a collateral proceeding <u>failed to assert a petitioner's claim of ineffective assistance of trial counsel</u> at <u>an initial-review collateral proceeding</u> (emphasis added). Unlike these cases, here, Mr. Langford did not fail to assert petitioner's claim of ineffective trial counsel assistance at the initial-review collateral proceeding; Mr. Langford did so, in a timely fashion, in petitioner's post-conviction relief proceeding before the Iowa District Court for Black Hawk County. Indeed, Mr. Langford raised petitioner's ineffective assistance of trial counsel claim twice during petitioner's state post-conviction relief proceedings, once at the trial level and once at the appellate level. Unlike in *Martinez* and *Trevino*, the error occurred in this matter at the last-review collateral proceeding (at the Iowa Supreme Court level). Furthermore, this error was not a failure to raise petitioner's ineffective assistance of trial counsel claim but, rather, was an error to timely file for review. Unlike petitioners in *Martinez* and *Trevino* (both were barred from asserting their ineffective

---

[7] I could not locate the two quotes in *State v. Taylor*, 310 N.W.2d 174, which petitioner relies on in his brief (Doc. 22-1).

13

trial counsel claims in post-conviction relief proceedings in state courts), petitioner here had two occasions in Iowa where he asserted his ineffective trial counsel claim in a post-conviction relief proceeding. Thus, the underlying facts here do not mirror those in the United States Supreme Court cases.

Second, I will also address petitioner's argument that Iowa's system is like Texas' system, and, thus, the *Trevino* exception is applicable. It is a practical reality that often the record will simply not be developed fully enough on direct appeal to deal with a claim of ineffective assistance of counsel, and such claims are often best raised at a post-conviction proceeding so that a defendant's trial counsel has the opportunity to defend himself or herself against the charge. *See* Doc. 22-1, at 6. This practical reality does not imply, however, that Iowa's structural regime, like Texas's, makes it "virtually impossible" to raise such claims on direct appeal in Iowa. I am persuaded in this regard by the Honorable Leonard Strand's reasoning in his R & R (adopted by District Judge Bennett) directly on this point. *See generally Halstead v. McKinney*, No. C14-3023-MWB, 2014 WL 5849214 (N.D. Iowa Nov. 12, 2014), *report and recommendation adopted,* No. C14-3023-MWB, 2014 WL 7339217 (N.D. Iowa Dec. 23, 2014).

In *Halstead*, Judge Strand examined whether the *Trevino* exception applied to Iowa's system and concluded that it did not. *Id.* at *4. Judge Strand emphasized the United States Supreme Court's statement in *Trevino* that "'Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review . . . . [and] Texas' highest criminal court has explicitly stated that '[a]s a general rule' the defendant 'should not raise an issue of ineffective assistance of counsel on direct appeal,' but rather in collateral review proceedings.'" *Id.* at *7 (quoting *Trevino*, 133 S. Ct. at 1918–20). Judge Strand determined that unlike in Texas, where defendants are not required on direct appeal to raise ineffective counsel claims (and are actively discouraged from doing so), in Iowa, *all* claims (including

ineffective counsel claims) must be raised on direct appeal to be preserved for post-conviction relief. *Id.* (citing *Berryhill v. State*, 603 N.W.2d 243, 245–46 (Iowa 1999)). Judge Strand noted that under Iowa law, "the failure to raise an issue on direct appeal may be excused upon a showing that appellate counsel was ineffective." *Id.* (citing *Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005)).[8] Furthermore, Judge Strand wrote:

> Based on the characterization set forth in *Trevino,* defense attorneys in Texas have no incentive to investigate and raise ineffective assistance of counsel claims on direct appeal because doing so is not only optional, but actually discouraged. By contrast, as noted above, the Iowa Supreme Court has made it clear that such claims must be raised on direct appeal, with the appellate court then deciding whether the factual record is sufficiently developed to resolve those claims. A claim not raised on direct appeal is waived, absent a showing that appellate counsel was ineffective in failing to do so. These well-established principles give defense attorneys in Iowa an incentive to investigate and raise ineffective assistance claims immediately, on direct appeal. Based on this significant distinction, I find that the *Martinez* exception, as expanded in *Trevino,* does not apply in Iowa.

*Halstead*, 2014 WL 5849214, at *8. I fully agree with Judge Strand's analysis and find the *Trevino* exception does not apply to Iowa's system.

Even if petitioner's claim of ineffective trial counsel was not procedurally barred and could proceed, it would, nonetheless, unfortunately fail. Petitioner would not be able to demonstrate cause for the default and actual prejudice as a result of his alleged federal law violation, or demonstrate that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. This is a high bar for petitioner to overcome. Here, petitioner alleges that his trial counsel was ineffective due to trial tactics that, in hindsight, proved unsuccessful. The United States Supreme Court in *Strickland v. Washington*, held that for a defendant's Sixth Amendment right to effective assistance of counsel to have been violated so that a defendant's conviction will be overturned, the

---

[8] Petitioner did not raise his ineffective assistance of trial counsel claim on direct appeal because his attorney allegedly did not wish to do so. *See* Doc. 1, at 3.

defendant must prove two components. *Strickland*, 466 U.S. 668 at 687. Petitioner must prove "[1] that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . [2] the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* There are simply no facts on the record that suggest that petitioner would be victorious on this claim in federal court. No grave errors from trial counsel are alleged here, nor do merely unsuccessful trial tactics amount to a defendant being deprived of his opportunity to have a fair trial. The Iowa District Court for Black Hawk County held (affirmed by the Court of Appeals of Iowa) that petitioner failed to show that his trial counsel had "not performed an essential duty or that there was a reasonable probability the jury would have reached a different conclusion if counsel had acted differently." Doc. 9-1, at 7 (citing *Wilder*, 2014 WL 5862031, at *2). It appears from the record that petitioner had a fair trial in Iowa, and petitioner's trial counsel merely used the trial tactic of focusing on alibi evidence, which proved unsuccessful for petitioner. I believe petitioner had his day in court on this claim.

### *B. Ground Two— Insufficient Evidence*

I will only briefly discuss this claim. Petitioner now admits his insufficient evidence claim is procedurally defaulted. Petitioner's brief in support of resistance to motion to dismiss, states the following: "Counsel agrees that issue 2 [insufficient evidence] appears to be default [sic] based upon failure to pursue as federal constitutional issue." Doc. 22-1, at 4. I agree.

To satisfy the fair presentment requirement, a state prisoner must present his federal habeas claims to the state court. *Cox*, 398 F.3d at 1031 (internal citation omitted). Specifically, at the state level, petitioner must "refer to a specific federal constitutional

right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Id*. Here, petitioner only presented his claim of insufficient evidence as a state-law issue to Iowa's state courts. *See* Doc. 9-1, at 9 & 18. The opinion from the Court of Appeals of Iowa shows that petitioner only presented his insufficient evidence claim to the state courts as a state claim, namely, petitioner argued that an element of first-degree robbery under IOWA CODE §§ 711.1, 771.2 (2016) was missing. *Wilder*, 2012 WL 170690, at *1. Petitioner alleged there was no evidence showing that he "purposely inflicted or attempted to inflict serious injury on Tim Petersen [the off-duty deputy sheriff]." *Id*. As respondent's brief states, "[p]etitioner did not assert a federal basis for his sufficiency-of-the-evidence claim on direct appeal. Consequently, Petitioner did not fairly present this issue as a federal claim in state court." Doc. 9-1, at 12. Thus, petitioner failed to fairly present his insufficient evidence claim as a federal claim to the courts of Iowa.

Petitioner does not argue that he can show cause or prejudice to excuse the procedural default here. *See* Doc. 9-1, at 12–29 (respondent arguing that petitioner cannot show cause or prejudice to excuse the procedural default). Thus, in failing the fair presentment requirement, I find petitioner's claim of insufficient evidence is unexhausted and now procedurally defaulted.

Even if petitioner's insufficiency of evidence claim was not procedurally barred, it would be unlikely to succeed. At petitioner's criminal trial, the following evidence was presented to the jury, as follows: video footage from a mall security camera on October 22, 2009, testimony of off-duty deputy sheriff Timothy Petersen (store's security guard), testimony of petitioner's brother-in-law (attempting to provide an alibi), testimony of petitioner's mother (attempting to provide an alibi), and additional testimony from witnesses on whether petitioner had a shaved head on October 22, 2009. Doc. 9-1, at 5–7 (citing *Wilder*, 2014 WL 5862031, at *1–2). Additionally, according to

petitioner's Section 2254 petition, all levels of the state courts of Iowa (trial, appellate, and supreme) upheld petitioner's conviction when he raised his claim of insufficient evidence under state law. Given the review by all three levels of the state's judiciary and the extensive evidence presented to the jury at trial, I believe petitioner's claim of insufficient evidence would fail were the Court to address it on the merits.

## VI. CERTIFICATE OF APPEALABILITY

Respondent argues that the Court should not issue a certificate of appealability (COA). *See* Doc. 9, at 2; Doc. 9-1, at 28–29. There is "no absolute entitlement" for a state prisoner seeking a writ of habeas corpus to appeal the denial of his or her petition by a federal district court to a circuit court under 28 U.S.C. § 2253. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Without a COA, a federal circuit court lacks jurisdiction in a habeas corpus proceeding. *Id.* at 336. A COA can only be issued if the "applicant [here the state prisoner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> The United States Supreme Court stated in *Slack v. McDaniel*, as follows:
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Supreme Court also stated that "[A] claim can be debatable even though every jurist of reason might agree, after the COA

has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338. I recommend denying the petitioner's habeas corpus petition on procedural grounds. As such, given the expansive definition of the term *debatable* above, I find it is within the realm of possibility that reasonable jurists could disagree with my assessment that the *Trevino* exception does not apply to Iowa's system, and that *Trevino*'s underlying facts are distinguishable from petitioner's matter here. Thus, jurists of reason could dispute my recommended procedural ruling that the petitioner's ineffective assistance of trial counsel claim is barred, and could find petitioner's ineffective assistance of trial counsel claim to be a valid claim of the denial of a constitutional right. Therefore, I recommend the Court grant a COA on petitioner's ineffective assistance of counsel claim.

On the other hand, I recommend the Court deny a COA on petitioner's insufficiency of evidence claim. No reasonable jurist could disagree with the finding that petitioner's insufficiency of evidence claim was not fairly presented to the Iowa courts as a federal claim. No possible exceptions exist to excuse such a failure. Thus, no reasonable jurist could disagree with my finding that petitioner's insufficiency of evidence claim is procedurally barred from federal review and that the petition does not state a valid claim of the denial of a constitutional right. Thus, not granting a COA on this claim is proper.

## VII. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I RESPECTFULLY RECOMMEND the Court **grant** Respondent's motion to dismiss (Doc. 9), and **dismiss with prejudice** petitioner's habeas corpus action.

Objections to this R & R must be filed within fourteen (14) days of the service of a copy of this R & R. 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b). Objections must specify the parts of the R & R to which objections are made, as well as the parts of the

record forming the basis for the objections. *See* FED. R. CIV. P. 72. Failure to object to the R & R waives the right to *de novo* review by the district court of any portion of the R & R as well as the right to appeal from the finding of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 22nd day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa