# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WILLIE JAMES WILDER, | |
| Petitioner, | No. C15-3107-LTS |
| vs. | **ORDER** |
| JAMES MCKINNEY, | |
| Respondent. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable C.J. Williams, United States Magistrate Judge, recommends that I grant respondent's motion to dismiss this *habeas* action. Doc. No 23. Additionally, Judge Williams recommends that I (a) deny a certificate of appealability (COA) on petitioner's sufficiency of the evidence claim but (b) grant a COA on petitioner's ineffective assistance of counsel claim. *Id*. Respondent has filed a timely objection to that portion of the R&R in which Judge Williams recommends the grant of a COA. Doc. No. 28. Respondent also objects to a portion of the R&R that discusses Iowa law concerning error preservation. *Id*. Petitioner has filed a notice indicating that he has no objections to the R&R. Doc. No. 29.

## *I. RELEVANT PROCEDURAL HISTORY*

The R&R includes a detailed recitation of the relevant facts and procedural history. Doc. No. 23 at 2-5. To summarize, Wilder was convicted in the Iowa District Court for Black Hawk County of robbery in the first degree and theft in the third degree. On direct appeal, he argued that the evidence presented at trial was insufficient to convict him of those charges. The Iowa Court of Appeals rejected that argument and affirmed Wilder's

convictions. Wilder filed an application for further review by the Iowa Supreme Court, but his application was denied.

Wilder then sought postconviction relief (PCR) – only with regard to his robbery conviction – in the Iowa District Court. He argued that his trial counsel had been ineffective with regard to trial strategy. This argument was rejected by both the Iowa District Court and the Iowa Court of Appeals. While Wilder had the right to file an application for further review by the Iowa Supreme Court, he missed the deadline for doing so. Wilder's PCR counsel admits fault for this failure, which deprived Wilder of the opportunity to ask the Iowa Supreme Court to review the denial of his PCR request.

On April 6, 2015, Wilder filed this *habeas* action pursuant to 28 U.S.C. § 2254. He asserts two ground for relief: (1) "Ineffective Assistance of Counsel" (hereafter the Assistance Claim) and (2) "Insufficient Evidence" (hereafter the Sufficiency Claim). Respondent filed his motion to dismiss on July 9, 2015. Respondent contends that both grounds for relief are procedurally defaulted because Wilder did not exhaust his claims in the Iowa state court system. Doc. No. 9-1. After all briefing was completed, Judge Williams filed the R&R on June 22, 2016.

## II. *STANDARDS FOR REVIEW OF A REPORT AND RECOMMENDATION*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Williams described the relevant standards for considering a motion to dismiss and summarized the "exhaustion" requirements imposed on state *habeas* petitioners by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Doc. No. 23 at 5-10. Judge Williams then separately addressed Wilder's two grounds for relief. With regard to the second ground (the Sufficiency Claim), Judge Williams noted that Wilder concedes this claim is procedurally defaulted. *Id.* at 16 (citing Doc. No. 22-1 at 4). After describing the relevant events, Judge Williams agreed that this ground was not properly exhausted and, therefore, is procedurally barred. *Id.* at 17. Judge Williams

3

also noted, in the alternative, that the Sufficiency Claim would fail for other reasons even if it had not been procedurally defaulted. *Id*. at 17-18.

As for the first ground (the Assistance Claim), Judge Williams found that by failing to file a timely application for further review with the Iowa Supreme Court, Wilder did not exhaust all remedies available to him under Iowa law. *Id*. at 12. Judge Williams further found that no exception excused this procedural failure. *Id*. at 12-15. Thus, Judge Williams concluded that Wilder's claim for relief based on ineffective assistance of counsel is procedurally defaulted. *Id*. at 15. He also found, in the alternative, that the Assistance Claim would fail on its merits even if not defaulted. *Id*. at 15-16.

After recommending the denial of both of Wilder's grounds for relief, Judge Williams addressed the issue of whether a COA should issue. Judge Williams summarized the applicable legal standards and, ultimately, recommended that I grant a COA on the Assistance Claim but not on the Sufficiency Claim. *Id*. at 19.

## IV. DISCUSSION

### A. *Objections to the R&R*

Respondent objects to Judge Williams' recommendation that I grant a COA on Wilder's Assistance Claim. Doc. No. 28. Respondent also objects to Judge Williams' statement, in the course of analyzing that claim, that Iowa law requires a defendant to assert claims of ineffective assistance of counsel on direct appeal to preserve them for postconviction review. *Id.* Wilder does not object to any portion of the R&R. For the reasons set forth in Section II, *supra,* I will review *de novo* the portions of the R&R to which Respondent has objected. Because there are no objections to the remaining portions of the R&R, I will review those portions for clear error.

### B. *Overview of the Exhaustion Requirement*

A petition for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State, (2) there is an absence of available State corrective process or (3) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(A)-(B)(ii). In order to exhaust a claim, the prisoner must give the state courts a full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The reason is as follows:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. . . . This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*Id*. at 844-45 [citations omitted]. The claim must have been "fairly presented" to the state courts, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986), which means the petitioner raised the same factual grounds and legal theories in the state courts that he or she now raises in federal court. *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003).

An Iowa prisoner whose PCR appeal was transferred to the Iowa Court of Appeals must file an application for further review by the Iowa Supreme Court to exhaust his or her claims properly. *Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010). Additionally, to satisfy the "fairly presented" requirement, the petitioner is required to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the state court. *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996).

If a petitioner has not yet fully presented his habeas claims to the state courts, those claims are defaulted if a state procedural rule precludes the petitioner from raising the issue now. *Abdullah*, 75 F.3d at 411. Federal courts will not review a procedurally defaulted habeas claim because the state court is deprived of the opportunity to address those claims in the first instance. *Id*. The Supreme Court has stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

C. ***The <u>Coleman</u> Exception (as modified by <u>Martinez</u> and <u>Trevino</u>)***

Under *Coleman*, an attorney's negligence during postconviction proceedings does not create cause for excusing a procedural default. *Id*. at 752-53. However, the Supreme Court recognized an exception to this rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The exception arises when:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] … be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez,* 132 S. Ct. at 1318-19, 1320-21). In *Martinez,* the Court described the factual and procedural context as follows:

> The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings. In the instant

> case, however, petitioner's postconviction counsel did not raise the ineffective-assistance claim in the first collateral proceeding, and, indeed, filed a statement that, after reviewing the case, she found no meritorious claims helpful to petitioner. On federal habeas review, and with new counsel, petitioner sought to argue he had received ineffective assistance of counsel at trial and in the first phase of his state collateral proceeding.

*Id*. at 1313. The Court noted that under these circumstances, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Id*. at 1317. The Court then discussed the importance of effective counsel in investigating and presenting the alleged errors of trial counsel. *Id*. at 1317-18. The Court concluded that when a collateral proceeding was the prisoner's first opportunity to assert ineffective assistance of trial counsel claims, any procedural default with regard to those claims should be excused if, "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 1320.

The Supreme Court expanded the *Martinez* exception[1] in *Trevino*, a case in which the petitioner was convicted in a Texas state court. While Texas does not explicitly prohibit allegations of ineffective assistance of trial counsel on direct appeal, the Court found that the "structure, design, and operation" of the Texas procedural system "does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921. The Court stated: "Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review." *Id*. at 1919. The Court also pointed out that "Texas' highest criminal court has explicitly stated that '[a]s a general rule' the defendant 'should not raise an issue of ineffective assistance of counsel on direct appeal,' but rather in collateral review proceedings." *Id*. at 1920 (quoting *Mata v. State*, 226 S.W.3d 425, 430, n.14 (2007)). The Court found that "the [Texas] criminal

---

[1] While the exception at issue derives from *Coleman, Martinez* and *Trevino*, for the sake of brevity I will refer to it as the "*Martinez* exception" throughout the remainder of this order.

7

bar, not surprisingly, has taken this strong judicial advice seriously," citing a *Texas Bar Journal* article for the proposition that the postconviction relief process "is the first opportunity for a capital client to raise challenges to the effectiveness of trial or direct appeal counsel." *Id*. (quoting *Guidelines and Standards for Texas Capital Counsel*, 69 Tex. B.J. 966, 977, Guideline 12.2(B)(1)(d) (2006)). The Court concluded that there is no meaningful distinction between a state that explicitly bars allegations of ineffective assistance on direct appeal and a state that "in theory grants permission but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to do so." *Id*. The Court held that the *Martinez* exception applies to both scenarios. *Id.*

*D.    Iowa's Appellate and Postconviction System*

In Iowa's state court system, a defendant is not barred from raising ineffective assistance claims on direct appeal. Historically, in fact, such claims generally *had* to be raised on direct appeal in order to preserve them for a later PCR application. *Berryhill v. State,* 603 N.W.2d 243, 245-46 (Iowa 1999). Iowa law now provides that "[a] party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2). Thus, such a claim "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." *Id*. § 814.7(1).

*E.    Discussion*

*1.    The Ineffective Assistance Claim*

Wilder presented a claim of ineffective assistance of trial counsel to the Iowa District Court and the Iowa Court of Appeals during his PCR proceedings. Once the Iowa Court of Appeals rejected that claim, Wilder had the right to seek further review by the Iowa Supreme Court. *See, e.g.*, *Welch*, 616 F.3d at 758-59. His application for

8

such review was due for filing "within 20 days following the filing of the court of appeals decision." Iowa R. App. P. 6.1103(1)(a). It is undisputed that he failed to meet this deadline and that it is now far too late for Wilder to seek review by the Iowa Supreme Court. Thus, Judge Williams correctly found that Wilder failed to exhaust all available remedies under Iowa law and, therefore, that his ineffective assistance claim is procedurally defaulted. Doc. No. 23 at 11-12.

Judge Williams then considered whether the *Martinez* exception applies, thus excusing the procedural default. *Id.* at 12-15. This requires a comparison of Iowa's state court appellate structure to the Arizona system at issue in *Martinez* and the Texas system at issue in *Trevino*. In *Martinez*, the Court noted that defendants in Arizona are prohibited from asserting ineffective assistance claims on direct appeal. *Martinez,* 132 S. Ct. at 1313. Thus, collateral proceedings represent a defendant's first opportunity to assert that his or her trial counsel was ineffective. In *Trevino*, the Court explained that defendants in Texas have no "meaningful opportunity" to raise ineffective assistance claims on direct appeal. *Trevino*, 133 S. Ct. at 1920. Thus, again, a collateral attack is the first "meaningful opportunity" to advance such claims.

Iowa's system is significantly different. As noted above, Iowa historically *required* ineffective assistance claims to be raised on direct appeal in order to preserve them for PCR consideration. *Berryhill,* 603 N.W.2d at 245-46. That changed in 2004 with the enactment of Iowa Code § 814.7. *See* Acts 2004 (80 G.A.) ch. 1017, § 2.[2]

---

[2] In *Halstead v. McKinney*, No. C14-3023-MWB, 2014 WL 5849214 (N.D. Iowa Nov. 12, 2014), *report and recommendation adopted*, 2014 WL 7339217 (N.D. Iowa Dec. 23, 2014), I cited *Berryhill* for the proposition that defendants in Iowa are still required to raise ineffective assistance claims on direct appeal, contrary to Iowa Code § 814.7. Unfortunately, this error led to Judge Williams' reference to my *Halstead* opinion for the same proposition. Doc. No. 23 at 14-15. While I find that the error has no material impact on the analysis, I do regret it. In light of Section 814.7, I will sustain Respondent's objection to that portion of the R&R which indicates that ineffective assistance of counsel claims must be raised on direct appeal in Iowa to preserve those claims for PCR review.

9

Now, defendants may, but are not required to, raise ineffective assistance claims on direct appeal. Iowa Code § 814.7(2). If such a claim is raised on direct appeal, the appellate court "may decide the record is adequate to decide the claim or may choose to preserve the claim" for PCR review. *Id*. § 814.7(3).

There is no indication in the record that Iowa, like Texas, actively discourages defendants from asserting ineffective assistance claims on direct appeal. Indeed, within the past week the Iowa Court of Appeals has resolved two such claims on direct appeal, finding that the record in each case was adequate to decide the claim. *State v. Williams*, No. 15-2102, 2016 WL 4384382, at *1-2 (Iowa Ct. App. Aug. 17, 2016); *State v. Pendleton*, No. 15-1115, 2016 WL 4384653, at *3-4 (Iowa Ct. App. Aug. 17, 2016). Thus, I find that Wilder was neither barred nor discouraged from asserting an ineffective assistance of trial counsel claim on direct appeal and I agree with Judge Williams that the *Martinez* exception does not apply. Wilder's procedural default of his ineffective assistance of counsel claim, despite being caused by his PCR counsel's mistake, is not excused. Wilder is not entitled to seek federal *habeas* relief with regard to that claim.[3]

### 2. *The Sufficiency of the Evidence Claim*

Neither party has objected to the portion of the R&R in which Judge Williams addressed Wilder's attack on the sufficiency of the evidence against him. As such, I have reviewed Judge Williams' analysis for clear error. Judge Williams found not only that this claim has been procedurally defaulted, but also that it would fail on its merits even if properly before the court. Doc. No. 23 at 16-18. I find no error in Judge Williams' evaluation of this claim and therefore adopt this portion of the R&R in its entirety.

---

[3] As noted above, Judge Williams also found, in the alternative, that Wilder's ineffective assistance claim would fail even if it was not procedurally defaulted. Doc. No. 23 at 15-16. Because neither party objected to this alternative finding, I have reviewed it for clear error. I agree with, and therefore adopt, that portion of the R&R.

## F. Certificate of Appealability

Judge Williams recommends that I grant a COA with regard to the first ground for relief (the Assistance Claim) but not with regard to the second (the Sufficiency Claim). Because respondent has objected to the recommendation with regard to the Assistance Claim, I will review that recommendation *de novo*. The recommendation as to the Sufficiency Claim will be reviewed for clear error due to the lack of objections from either party.

### 1. Applicable Standards

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Instead, an appeal may be taken only if a COA is granted. 28 U.S.C. § 2253(c). A COA is appropriate only when the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.*; *see also Miller-El*, 537 U.S. at 336-37; *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## 2. Analysis

### a. *The Ineffective Assistance Claim*

Based on my *de novo* review, I find that reasonable jurists would not find this court's denial of the Assistance Claim to be "debatable or wrong." As such, I will sustain the respondent's objection to the portion of the R&R that recommends the grant of a COA on this issue.

I reach this conclusion for two alternative reasons. First, as discussed above, I find that Iowa's approach to the review of ineffective assistance of counsel claims differs so significantly from those at issue in *Martinez* and *Trevino* as to render the *Martinez* exception plainly inapplicable. Iowa neither bars nor discourages the assertion of ineffective assistance claims on direct appeal. Instead, Iowa's appellate courts consider such claims on direct appeal when the record is adequately developed to permit such consideration. Here, Wilder not only had the right to raise an ineffective assistance of counsel claim on direct appeal, but he actually did raise that claim, during his PCR proceedings, to both the Iowa District Court and the Iowa Court of Appeals. Wilder was not deprived of a meaningful opportunity to challenge the effectiveness of his trial counsel. Thus, no exception excuses his undisputed failure to exhaust all remedies available to him under Iowa law.

Second, I find no room for debate among reasonable jurists regarding Judge Williams' alternative finding that the Assistance Claim would fail on its merits even if it was not procedurally barred. Doc. No. 23 at 15-16. Wilder did not object to this alternative finding. Judge Williams correctly concluded that Wilder's complaints about his trial counsel amount to hindsight disagreement over trial strategy and tactics, thus falling far short of the showing necessary to establish an ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* As such, a COA would not be justified even if the Assistance Claim had not been procedurally defaulted.

### b. *The Sufficiency of the Evidence Claim*

I find no error, clear or otherwise, with regard to Judge Williams' recommendation that no COA issue on Wilder's second ground for relief (the Sufficiency Claim).

## V. CONCLUSION

For the reasons set forth above:

1. I hereby **accept** the report and recommendation (Doc. No. 23) of United States Magistrate Judge C.J. Williams, but with the following modifications:

    a. Respondent's objection to the grant of a certificate of appealability as to ground one (ineffective assistance of counsel) is **sustained**. A certificate of appealability will not be granted as to that claim.

    b. Respondent's objection to the characterization of Iowa law concerning preservation of error is **sustained**, as Iowa no longer requires ineffective assistance of counsel claims to be raised on direct appeal to preserve those claims for postconviction review. *See* Iowa Code § 814.7.

2. In accordance with the report and recommendation, as modified, respondent's motion (Doc. No. 9) to dismiss is **granted** and the petition (Doc. No. 1) is hereby **dismissed with prejudice**.

3. I decline to grant a certificate of appealability with regard to any of Wilder's claims. Should Wilder wish to seek further review of his petition, he may request a certificate of appealability from a Judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 23rd day of August, 2016.

                                          _____
                                          LEONARD T. STRAND
                                          UNITED STATES DISTRICT JUDGE